CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 9 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MCNEER SALYERS, <br> Petitioner, | Civil Action No. 7:07-cv-00403 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR <br> OF THE VIRGINIA DEPARTMENT <br> OF CORRECTIONS, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Petitioner David McNeer Salyers, a Virginia Department of Corrections inmate proceeding pro se, brings this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, to which Salyers filed a timely response, making the matter ripe for disposition. Upon careful review of the state court records and the pleadings and exhibits submitted by the parties, I conclude that respondent's motion to dismiss must be granted.

I.

On June 8, 2002, the Circuit Court of Tazewell County convicted Salyers of DUI, 3rd Offense, sentencing him to three years incarceration, and DUI, 4th Offense, sentencing him to five years incarceration, to run concurrent, with three years suspended on the condition of Salyers' compliance with the terms of his supervised probation. Salyers is currently incarcerated at Bland Correctional Center in Bland, Virginia, pursuant to a final judgment of the Circuit Court of Tazewell County entered September 18, 2006, wherein he was found in violation of the terms and conditions of his probation, and his previously suspended sentence was reimposed. Salyers did not appeal this conviction.

Salyers filed a habeas corpus petition in the Circuit Court of Tazewell County on October 10, 2006, attacking the validity of the revocation of his probation. In that petition, Salyers claimed:

> I wrote my probation officer a letter telling him that someone put drugs in my drink in order to steal my checkbook. Her uncle told me that she told him to steal my checkbook. He is willing to testify under oath that his statement is true. She has been charged for stealing my checks and is now out on bond awaiting trial . . . I told my probation officer that Ernie Keller knew his niece put the drugs in my drink but it was never brought up in court. I told my lawyer I had a wittess [sic] and he told me it wouldn't do any good. Three wittnesses [sic] now.

(Pet'r Tazewell Writ Habeas 4-5.)

On March 5, 2007, that court dismissed Salyers' petition, concluding that, to the extent that Salyers challenged the evidence adduced to support the revocation of his probation, such claims were procedurally defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), for failing to raise the claims at trial or on direct appeal. The court also noted that, pursuant to Gagnon v. Scarpelli, 411 U.S. 778 (1973), Salyers' ineffective assistance of counsel claims failed as Salyers lacked any constitutional entitlement to counsel in a revocation hearing. The court further determined that Salyers' claims failed under a Strickland v. Washington, 466 U.S. 668 (1984) analysis, as he was unable to establish either deficient performance of counsel or a reasonable probability that there would have been a different outcome to the probation revocation proceeding. Salyers did not pursue an appeal to the Supreme Court of Virginia.

On August 20, 2007, Salyers filed the present § 2254 petition for writ of habeas corpus. None of the allegations contained in Salyers' Tazewell habeas petition have been raised in Salyers' instant petition. Salyers raises the following claims in his § 2254 petition:

(a) That the prosecutor in his underlying case was his defense attorney in another DUI trial in 1996 or 1997;

(b)  That his court appointed counsel, George R. Brittain, II, "lied" to him when he informed him that this was not a conflict of interest;

(c)  That his counsel was untruthful when he informed the court that Salyers had admitted to his probation officer that he had used marijuana and drank alcohol while on probation; and

(d)  That the Hon. Teresa M. Chafin, Circuit Court of Tazewell County Presiding Judge, improperly presided over his state habeas petition as she had previously recused herself from his underlying criminal case.

## II.

Pursuant to Title 28 U.S.C. § 2254(b), a petitioner must exhaust his remedies available in state court before seeking habeas corpus relief in federal court. Salyers' instant claims were not properly exhausted because he failed to present them to any Virginia state court. A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (noting that exhaustion generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court). Although Salyers did file a state habeas proceeding in the Circuit Court for Tazewell County, he did not raise any of the instant claims in that or any other state court. Therefore, the claims were not properly presented to the state's highest court and are thus, barred from federal habeas review.

3

Moreover, Salyers' instant claims are procedurally defaulted in state court because he would now be barred from raising them in any state court, pursuant to Va. Code § 8.01-654(B)(2) (prohibiting the granting of any habeas petition based on the allegation that the claims could have been presented by the petitioner at the time of his previous petition). Consequently, Salyers' claims are now simultaneously exhausted and defaulted for the purpose of federal habeas review. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).[1, 2, 3]

---

[1] Salyers alleges that he hired counsel, Bruce H. Russell, II, to "help [him] on a habeas corpus" and that Russell did "nothing." (Pet'r Pet., Attach. I at 10.) While it is clear that Salyers retained Russell, it is not clear exactly when or for what purpose. Salyers filed his Tazewell habeas petition, pro se, on October 10, 2006. The court notes that the first mention in the record of Russell is an October 25, 2006 communication from Salyers to the Circuit Court of Tazewell County Clerk. In that letter he states: "I would like to get a copy of my habeas corpus as soon as the judge [signs] it. P.S. Send one to attorney Bruce H. Russell, II." Further, Salyer himself indicates that he did not pay Russell a $1,500 retainer fee until November 16, 2006. Furthermore, there are many communications in the record during the Spring of 2007 from Russell concerning Salyers' "Petition for Reconsideration" in which it appears that Russell represented Salyers in a reconsideration of the underlying criminal matter. Salyers does not allege that he hired counsel to file his initial habeas petition and nothing in the record indicates that Russell was retained prior to filing the October 10, 2006 habeas petition or that he was retained for the purpose of filing the habeas petition. Regardless, even if Russell did fail to provide effective assistance in the context of Salyers' habeas petition, in order for ineffective assistance of counsel to serve as cause and prejudice to excuse a defaulted claim, the petitioner must not have procedurally defaulted his underlying ineffective assistance claim. See Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000) (holding that ineffective assistance claims asserted as cause for procedural default of other claims are themselves subject to the procedural default rule). Accordingly, any ineffective assistance claims are barred from consideration by this court.

[2] On November 6, 2007, Salyers filed additional evidence requesting that I order Russell to return Salyers' "legal papers." Salyers has failed to prove or even allege a particularized need for these documents in the context of any issue that he has presented in his petition. Therefore, I decline to make such an order, but refer Salyers to Virginia Rule of Professional Conduct 1.16(e). This rule states in relevant part that all "original, client-furnished documents and any originals of legal instruments or official documents which are in the lawyer's possession . . . are the property of the client and, therefore, upon termination of the representation, those items shall be returned within a reasonable time to the client or the client's new counsel upon request, whether or not the client has paid the fees and costs owed the lawyer."

[3] Salyers also claims that the government "changed" and "added words" to his petition in its motion to dismiss. I note that this allegation is without merit as the government merely corrected grammatical mistakes by adjusting the mispelling of "law" from "low" and adding the word "attorney" to complete the context of a sentence. Such minor changes do not entitle Salyers to "win this case" as he contends. (Pet'r Resp., Attach. I at 8-10, Main Document at 4.) Salyers further claims that the government's motion to dismiss was not filed within the requisite thirty days and, therefore, should not be considered by the court. The government was required to respond to Salyers' petition thirty days from receipt of service of process. The government signed the certified mail receipt on September 20, 2007, and, accordingly, had until October 20, 2007, to respond. October 20, 2007, fell on a Saturday, therefore, the government's motion was timely filed on October 22, 2007, the next business day. See Fed. R. Civ. P. 6(a). Accordingly, Salyers' claims are without merit.

4

## III.

Accordingly, I find that Salyers is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day. The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER:** This 9th day of November, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge